Charles Mowrey, by Guardian, etc., Respondent, *v.* The Central City Railway, Appellant.

(Argued January 10, 1873; decided March term, 1873.)

This was an action brought to recover damages for injuries sustained by plaintiff while attempting to get on to one of defendant's cars.

Plaintiff was an infant, thirteen years of age. Upon being sent by his father on an errand, he hailed one of defendant's cars and attempted to go on to the front platform. Some one whom he supposed to be the driver ordered him to get on at the back end. He went to the back end and stepped upon the step, when some one in an authoritative way told him to go to the front end. A heavy snow had fallen which the company had removed from the track, leaving it sloping upon the sides toward the track. This had become smooth and hard; and, in consequence, plaintiff, in attempting to go again to the front end of the car, slipped and fell under the car, one wheel of which passed over and crushed his leg. The court nonsuited the plaintiff upon the ground of contributory negligence upon his part. *Held*, error; that the

question of contributory negligence was one of fact for the jury; also held (JOHNSON, C.), that the rule, requiring the absence of contributory negligence, was not established out of any tenderness for the negligent infliction of an injury, but to discourage carelessness; and that, in determining whether the fault exists, the condition of the person whose acts are in question should be considered; and that the old, the lame, the infirm or the young are entitled to have their condition and ability, mental and physical, considered in diminution of the degree of care exacted of them; that no greater degree of care was required than the capacity of the person would allow him to exert.

*William G. Wallace* for the appellant.

*Geo. N. Kennedy* for the respondent.

JOHNSON and REYNOLDS, CC., read for affirmance.

All concur, upon the ground that the question of contributory negligence should have been submitted to the jury; but do not consider the question discussed by JOHNSON, C., as to how far infancy or infirmity may be considered in passing upon the question of contributory negligence.

Order reversed and judgment absolute directed against defendant.